NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BENNY LEON, JR.,

        Petitioner-Appellant,

vs.

RICHARD KIRKLAND, *et al.*,

        Respondents-Appellees.

No. 09-15696

D.C. No. 06-CV-01855-FCD-CHS

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Argued and Submitted September 14, 2010
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and MILLS, Senior District Judge. [**]

Benny Leon, Jr., a California state prisoner, appeals from the district court's

denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the district court's denial of a habeas petition de novo, while its factual findings are reviewed for clear error. *See McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008). We affirm in part and reverse and remand in part.

We conclude that any error the trial court made in excluding evidence that Leon sought to offer for the purpose of establishing his state of mind was harmless. The district court correctly determined that Leon is not entitled to habeas relief on that issue.

Leon also seeks habeas relief based on a sentencing error. Following his conviction for voluntary manslaughter, Leon was sentenced to an upper term based on facts which were found by the trial judge. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The Supreme Court later held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original).

The Supreme Court later held that under California's determinate sentencing

2

law, an upper term sentence could be imposed only if the trial judge found an aggravating circumstance. *Cunningham v. California*, 549 U.S. 270, 288 (2007). Accordingly, the middle term under California's statutes serves as the relevant statutory maximum for *Apprendi* purposes. *See id.*

Although *Cunningham* had not been decided when Leon's conviction became final, this court has determined that *Cunningham* did not announce a new rule of constitutional law and thus may be applied retroactively on collateral review. *See Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). In considering Leon's habeas petition, the district court correctly found that *Cunningham* applies and that the state appellate court's determination of Leon's claim was contrary to clearly established Supreme Court precedent. However, the district court found that the sentencing error was harmless.

The trial judge found that the victim in this case was "particularly vulnerable" under California law because the crime occurred as she was entering her own home. The judge emphasized that Leon was inside a dark apartment and basically invisible to the victim as she was entering the residence. Because of the lighting outside, the victim was totally visible to Leon. The trial court determined that the aggravating circumstance applied, finding that there was not grave doubt that a jury would have found the victim to be "particularly vulnerable" to the crime of voluntary

3

manslaughter.

California law defines "vulnerable" as "defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act." *Butler*, 528 F.3d at 649 (internal quotation marks and citations omitted). A victim who is vulnerable to a "special or unusual degree, to an extent greater than in other cases," is "particularly" vulnerable. *Id*. The court noted that a victim is not "particularly" vulnerable if "all victims of the crime of conviction are vulnerable in the same manner." *Id*.

In *Butler*, we determined there was grave doubt that a jury would have found that the victim was "a particularly vulnerable victim of the crime of domestic assault . . . because she was attacked from behind." *Id*. We observed that, "[i]n the overwhelming majority of cases, 'particularly vulnerable victims' have had inherent personal characteristics that, sometimes in combination with the manner in which the crime was committed, render them more vulnerable than other victims." *Id*. (citations omitted).

None of those characteristics–such as age or physical infirmity–were factors in this case. Other more changeable aspects of a victim's status have been relied on by California courts, such as intoxication or temporary incapacity. *See id*. However, none of those states are factors in this case. We noted that we were aware of no case

4

which determined that "attacking a victim from behind was the sole basis for a finding of particular vulnerability." *Id*. We further observed:

> A jury might have concluded that having one's back turned is similar to being asleep in the sense that both are temporary states, and that in each case the defendant takes advantage of a moment of greater assailability. But they are not so similar that we can say with confidence, particularly in light of the many cases focused on characteristics such as age and physical frailty, that a jury would conclude that an individual with her back turned is a "particularly vulnerable victim."

*Id*. at 650. We concluded that we had "grave doubt" a jury would have determined, beyond a reasonable doubt and based only on the factor of being attacked from behind, that the victim was a "particularly vulnerable" victim of domestic violence. *See id*. at 651.

The manner that the victim was attacked in this case is analogous to being attacked from behind. None of the characteristics that California courts have used to support a finding of particular vulnerability are present here. Accordingly, we have "grave doubt" that a jury in this case would have found beyond a reasonable doubt that the victim was particularly vulnerable.

Although the issue of the enhancement for "great violence, cruelty, viciousness and callousness" was contested before the district court, it was not relied on in the magistrate judge's findings and recommendations, which were adopted by the district judge. Leon contends that the record does not support the enhancement. The

5

Respondent does not address the issue in its brief.

Accordingly, we affirm in part, reverse in part, and remand to the district court with instructions to grant the writ on the sentencing issue.

**AFFIRMED in part; REVERSED and REMANDED in part. Petitioner–Appellant awarded costs on appeal.**